**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROY LEE HUNNICUTT, #334419,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-0923-P** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Ramsey Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID.  The court has not issued process in this case.

Statement of the Case:  Petitioner pleaded guilty to the offenses of murder and robbery, and was sentenced to concurrent terms of forty-five years imprisonment. *State v. Hunnicutt*, No. F81-32864 and F82-75124 (291st District Court, Dallas County, Nov. 21, 1981).  On December 15, 1999, Petitioner was released to mandatory supervision.  (*See* Mem. attach. to Fed. Pet. at 3).

He remained on mandatory supervision for about seven months.  (*Id.*).  On December 4, 2000,

his mandatory supervision was revoked and he was returned to TDCJ.  (*See* Fed. Pet. at p. 5).

On October 1, 2008, Petitioner filed two art. 11.07 applications in the convicting court.

*See* Attached Judicial Information for Nos. W81-32864-B and W82-75124-B.  The Texas Court

of Criminal Appeals denied the applications without written order on the trial court's findings

without a hearing on March 4, 2009.  *See* Attached Case Information for *Ex parte Hunnicutt*,

Nos. WR-47,588-02 and WR-47,588-03.[1]

On May 19, 2009, Petitioner filed the federal petition in this case.  In four grounds, he

asserts he was released under the wrong mandatory supervision law (under art. 42.18 instead of

art. 42.12), and he did not receive a fair parole revocation hearing.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the

statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also*

Rule 4 of the Rules Governing § 2254 proceedings (West 2009).  In accordance with *Kiser*, the

court issued an order on May 29, 2009, advising Petitioner of the one-year statute of limitations

and granting him an opportunity to explain why his case is not time barred, or why the

---

[1]        The only other state habeas applications predated Petitioner's parole revocation
and are, thus, inapplicable to the analysis of this case.  *See* Nos. W81-32864-A and W82-75124-
A available on the Dallas County Website, and the ruling from the Texas Court of Criminal
Appeals in No. WR-47,588-01, also available on that court's website.

limitations period should be tolled on equitable grounds.  Petitioner filed his response on June 10, 2009.[2]

Since Petitioner does not challenge his underlying convictions, and does not allege any state-created impediment or newly recognized right, § 2244(d)(1)(D) governs the limitations analysis.[3]  *See Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542 (5th  Cir. 2001) (No. 00-14008) (unpublished per curiam) (one year period began to run on date board revoked petitioner's mandatory supervision); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (statute of limitations ran from date parole revocation became final).  *See also Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (applying § 2244(d)(1)(D) to claims stemming from parole denial); *Kimbrell v. Cockrell,* 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying § 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits).

All of the claims in the petition relate to facts and circumstances which occurred, were known, or should have been known to Petitioner at the time of his parole revocation hearing on December 4, 2000.  Petitioner does not contend that his claims accrued at a later date.  Nor does his argument that the Board of Pardons and Parole released him under the wrong mandatory supervision statute and coerced him into wearing an electronic monitoring device (which ultimately resulted in his technical parole violation) justify a later accrual date.  Thus, the federal

---

[2]     For purposes of this recommendation, the petition is deemed filed on May 11, 2009, the date Petitioner signed it and presumably placed it in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal petition is deemed filed for determining application of the AEDPA when prisoner tenders it to prison officials for mailing); Rule 3(d) of the Rules Governing § 2254 proceedings.

[3]     28 U.S.C. §2244(d)(1)(D) provides that the one year period runs from the time when a petitioner was or, with due diligence, should have been aware of the predicate facts of his habeas claims.

statute of limitations began on all of Petitioner's claims on December 5, 2000, the day after his parole was revoked, and closed one year later on December 4, 2001.

Petitioner did not file his federal petition until May 11, 2009, more than seven years after the running of the limitations period.  Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, none of the state applications were pending in state court during the one-year period.  As noted above, Petitioner file the state applications long after the limitations period had run.  *See Scott*, 227 F.3d at 263 (state habeas application filed after federal limitations period had expired could not toll one-year period for filing federal petition).  Therefore, this petition is clearly untimely absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) (quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

The allegations in this case do not present the type of extraordinary circumstances and due diligence required for equitable tolling.  Petitioner's own pleadings document substantial delays on his part, and he fails to offer any explanation for his failure to pursue habeas corpus relief diligently.  Petitioner delayed over seven and one-half years following the revocation of his parole before filing his state habeas applications.  Following the denial of his state applications, he waited more than two months before submitting his federal petition for filing.

These unexplained delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling.  It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999).  In addition, Petitioner's *pro se* status*,* incarceration, and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Id.* at 714; *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Because Petitioner has not carried his burden, in the exercise of discretion the District Court should refuse to apply equitable tolling and dismiss the habeas petition as time barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1); Rule 4 of the Rules Governing § 2254 proceedings.

Signed this 1ˢᵗ  day of October, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. §

5

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**ATTACHMENTS**